[Crim. No. 15175.   Second Dist., Div. Two.   Sept. 18, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. ROY LEVINE, Defendant and Appellant.

Linn Davis, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Elizabeth Miller and John C. Hamilton, Deputy Attorneys General, for Plaintiff and Respondent.

HERNDON, J.—Defendant appeals from the judgment entered following a nonjury trial that resulted in his conviction of the crimes of robbery, two counts, and assault with intent to murder, one count. The matter was submitted upon the transcript of appellant's preliminary hearing and no evidence was presented by way of defense. The evidence of appellant's guilt is conclusive. It was not challenged in the court below and is not disputed on this appeal.

Appellant contends (1) that his pre-arrest identification was improper in that it failed to comply with the rules enunciated in *United States* v. *Wade,* 388 U.S. 218 [18 L.Ed.2d 1149, 87 S.Ct. 1926], and *Gilbert* v. *California,* 388 U.S. 263 [18 L.Ed.2d 1178, 87 S.Ct. 1951], and *Stovall* v. *Denno,* 388 U.S. 293 [18 L.Ed.2d 1199, 87 S.Ct. 1967]; and (2) that, insofar as the sentence imposed herein is intelligible, it appears to subject him to double punishment in violation of Penal Code section 654.

Appellant's initial contention is wholly without merit. At about 3:50 a.m. on November 16, 1967, appellant, at gun point, robbed both Henry Hall, the owner of a gas station in Los Angeles, and his employee, Cornelius Jones. As appellant was leaving the premises, Hall reached for a gun. Appellant saw this movement and in the ensuing battle Hall was shot three times and appellant was struck in the head by Jones with a bottle. Appellant's head bled freely with blood falling onto the ground and onto the money clutched in appellant's hand. Appellant dropped his gun which was picked up by a fireman who chanced upon the scene. Although told by the fireman to remain on the premises, appellant wandered off down the street.

The police arrived within minutes after the encounter and obtained a description of appellant. However, it only proved necessary for the officers to follow the trail of blood for about ¾ of a block before they came upon appellant, still bleeding. They returned him to the station where he was identified by Jones who then accompanied appellant and the officers to the station to complete the arrest report and booking process.

Appellant was arrested more than five months after the effective date of the decisions in *Wade* and *Gilbert,* i.e., June 12, 1967. His failure to enter any objection to the manner in which he was identified either at the time of his preliminary hearing on December 6, 1967, or when the matter was submitted on the transcript of such hearing in the trial court on February 26, 1968, precludes objection thereto being made for

the first time on appeal. ■ Moreover, it has been held repeatedly that there is no denial of due process when a victim identifies his assailant at the scene of a crime moments after it occurs, even though there has been no appointment of counsel nor compliance with the formalities of orthodox line-up procedures. (*People* v. *Singletary,* 268 Cal.App.2d 41, 45-46 [73 Cal.Rptr. 855]; *People* v. *Irvin,* 264 Cal.App.2d 747, 758-761 [70 Cal.Rptr. 892]; *People* v. *Romero,* 263 Cal.App.2d 590, 593-594 [69 Cal.Rptr. 748]; *People* v. *Smith,* 263 Cal. App.2d 631, 636-637 [69 Cal.Rptr. 670]; *Wise* v. *United States,* 383 F.2d 206, 209-210 [24 A.L.R.3d 1255].)

■ Appellant's second contention is sufficiently meritorious to require that the judgment be clarified by appropriate modification. Initially, it should be noted that although appellant does not complain thereof, the trial court found him to be "armed as alleged" although the gun involved was used in each of the three primary offenses of which he was convicted.

The point actually raised by appellant on the issue of double punishment stems from the following language found in the "Corrected Judgment" entered April 8, 1969: "It is Therefore Ordered, Adjudged and Decreed that the said defendant be punished by imprisonment in the State Prison for the term prescribed by law, on said counts. Imposition of sentences as to Counts 2 and 3 is suspended until the time after the expiration of time to appeal."

The original judgment had provided: "It is Therefore Ordered, Adjudged and Decreed that the said defendant be punished by imprisonment in the State Prison for the term prescribed by law, as to Counts 1 and 2 only. Sentences as to Counts 1 and 2 are ordered to run CONCURRENTLY with each other. Imposition of sentence as to Count 3 is suspended pending the expiration of time for appeal."

The reporter's transcript reveals that the court and respective counsel had discussed at some length the question of the appropriate disposition to be made herein since the victim of the murderous assault was also the victim of one of the robbery counts and the property actually taken was that of the owner-victim, Hall, although it also had been in the possession of the employee, Jones. The following is then reported:

"MR. MADDEN [deputy district attorney]: It might be that the force used there is the same force that you need to accomplish the taking for robbery in Count One. It might be argued there. I am just offering this up to the Court. I don't

know the facts completely. It may be separate assault committed beyond the force needed to accomplish the robbery. I do not know whether that is or not but we know for the purpose of robbery, getting away with the money is part of the corpus of robbery. THE COURT: Is it your position the Court can only impose a concurrent sentence? MR. MADDEN: Without knowing the full facts of the case, if—it is a hypothetical situation that I pose, that as the facts are here I would think you could impose sentence but you would have to suspend imposition. THE COURT: Do you agree? MR. SAX [appellant's counsel]: Yes, Your Honor. MR. MADDEN: If those are the facts. THE COURT: The court has already made the finding that the defendant was armed as alleged and that the defendant's priors were true. MR. SAX: I do not recall that they offered proof as to the priors. THE COURT: Offered no proof as to the priors, you are right. Is there any legal cause why sentence should not be pronounced? MR. SAX: No, Your Honor, and waive arraignment. THE COURT: For the offenses for which he's been convicted and it has been indicated the Court has read and considered the probation report, as to Count One of the Information, defendant is sentenced to State Prison for the term prescribed by law. He stands committed to the custody of the Sheriff of Los Angeles, who is ordered to deliver the defendant to the Department of Corrections. As to Count Two of the Information, it is the sentence of the Court that the defendant is sentenced to State Prison for the term prescribed by law. Imposition is suspended until the time after the expiration of time of appeal, as to the imposition of that sentence. As to Count Three of the Information, defendant is sentenced to State Prison for the term prescribed by law. This sentence is suspended, that is, the imposition of sentence is suspended until the expiration of the time fixed for the last time for filing of appeal. Defendant stands committed.''

It seems clear that the trial court in the instant case intended to follow the procedure first approved in *People* v. *Niles,* 227 Cal.App.2d 749, 755 [39 Cal.Rptr. 11], and suspend *execution* on the sentences *imposed* on counts 2 and 3 rather than by suspending their *imposition.* In *Niles,* p. 752, ''Appellant was sentenced to the state prison on the burglary charge, and also sentenced to the state prison on the assault charge; however, as to the assault charge, the court granted a stay of execution on the latter sentence pending appeal and service of sentence on the burglary charge, such stay to

become permanent when the burglary sentence was completed.''

This method of procedure subsequently was categorized in *People* v. *Jenkins,* 231 Cal.App.2d 928, 935 [42 Cal.Rptr. 373], as the ''proper procedure.'' It was expressly approved in *In re Wright,* 65 Cal.2d 650, 655, fn. 4 [56 Cal.Rptr. 110, 422 P.2d 998], although not described as a mandatory or necessarily preferred method of dealing with double punishment problems.

It seems reasonably clear that under the facts here presented, the assault was but a part of the robbery of Hall. In any event, the trial court so found. However, it was unnecessary for the court to suspend execution on the second robbery count since there were two different ''victims'' notwithstanding that the property belonged to but one of them. (*In re Wright, supra,* 65 Cal.2d at p. 656.)

We have observed that the judgment contains a finding ''that defendant was armed as alleged.'' In this respect the judgment should be modified to provide that at the time of the commission of the crimes, sections 3024 and 12022 of the Penal Code were inapplicable. However, the judgment should recite that appellant was armed within the meaning of section 1203 of the Penal Code and should specify the nature of the weapon. (*People* v. *Floyd,* 71 Cal.2d 879 [80 Cal.Rptr. 22, 457 P.2d 862].)

The judgment is reversed only as to the sentence and otherwise is affirmed. The cause is remanded for resentencing in a manner consistent with the law as enunciated in *People* v. *Floyd, supra,* 71 Cal.2d 879, and in *People* v. *Niles, supra,* 227 Cal.App.2d 749.

Roth, P. J., and Wright, J., concurred.