[Crim. No. 21867. First Dist., Div. One. Feb. 23, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN WESTCO SAVAGE, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Kathleen Kahn, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Ronald E. Niver and Clifford K. Thompson, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ELKINGTON, Acting P. J.**—Defendant John Westco Savage appeals from a judgment based upon jury verdicts finding him guilty of forcible rape (counts I and III) and forcible oral copulation (count II). He makes but one contention of error, which he states as: "Officer Hubbard's notes were material evidence, and their intentional non-malicious destruction required the court to exclude that evidence which they might have impeached."

We affirm the judgment for reasons as follow.

Police Officer Hubbard had interviewed the complaining witness of the case soon after the charged offenses occurred. He made some rough

handwritten notes of the interview, the contents of which were five or six hours later incorporated in a required formal police report. The handwritten notes were then destroyed or discarded in accordance with the officer's practice. Following such testimony Savage's attorney moved to strike the complaining witness' earlier testimony "based on the failure of the police and the district attorney to preserve evidence." No contention was (or is) made that the officer's notes were destroyed in bad faith. The motion was denied.

It has been consistently held that, absent a showing of bad faith, the discarding of a police officer's raw or rough notes, under the circumstances of this case, constitutes no denial of due process or other right. (See *In re Gary G.* (1981) 115 Cal.App.3d 629, 639-642 [171 Cal.Rptr. 531]; *People* v. *Torres* (1971) 19 Cal.App.3d 724, 729-731 [97 Cal. Rptr. 139]; *People* v. *Dickerson* (1969) 270 Cal.App.2d 352, 359-360 [75 Cal.Rptr. 828].)

In a similar factual context it was said in *Killian* v. *United States* (1961) 368 U.S. 231, 242 [7 L.Ed.2d 256, 264, 82 S.Ct. 302]: "As to petitioner's contention that the claimed destruction of the agents' notes admits the destruction of evidence, deprives him of legal rights and requires reversal of the judgment, it seems appropriate to observe that almost everything is evidence of something, but that does not mean that nothing can ever safely be destroyed. If the agents' notes of Ondrejka's oral reports of expenses were made only for the purpose of transferring the data thereon to the receipts to be signed by Ondrejka, and if, after having served that purpose, they were destroyed by the agents in good faith and in accord with their normal practice, it would be clear that their destruction did not constitute an impermissible destruction of evidence nor deprive petitioner of any right."

Savage's principal reliance has been upon *People* v. *Hitch* (1974) 12 Cal.3d 641 [117 Cal.Rptr. 9, 527 P.2d 361], which we find to be inapposite. *Hitch* distinguished between lost or discarded evidence such as that of the case before us, and that of the destroyed "*results* of the breathalyzer test [which] by their very nature constitute material evidence on the issue of guilt or innocence upon a charge of drunk driving." (*Id.*, p. 647.) As to the latter, sanctions will properly be imposed. But often, the court said, "the imposition ... of sanctions depend[s] upon the particular circumstances attending such loss or destruction." (*Id.*, p. 650.) As an example where no sanctions are reasonably called for, the court pointed to the above-noted high court

case of *Killian* v. *United States, supra,* 368 U.S. 231, and stated: "where a government agent's notes were destroyed after being incorporated into a report, the Supreme Court found no violation of due process since 'if, after having served that purpose, they were destroyed by the agents in good faith and in accord with their normal practice, it would be clear that their destruction did not constitute an impermissible destruction of evidence nor deprive petitioner of any right.'" (*Hitch,* p. 651.)

*Hitch* manifestly lends no aid to Savage's contention.

We discern no contrary holding in *People* v. *Murtishaw* (1981) 29 Cal.3d 733, 754-756 [175 Cal.Rptr. 738, 631 P.2d 446]. There the court, considering a claim of error such as is here made by Savage, found it unnecessary to reach the point, concluding that such error, if arguendo any there were, was harmless. Nor is Savage aided by the case of *People* v. *Goss* (1980) 109 Cal.App.3d 443, 452-459 [167 Cal. Rptr. 224], where a tape recording intended by the parties thereto to be retained as evidence was negligently erased by the police. (See *People* v. *Swearingen* (1978) 84 Cal.App.3d 570, 574-575 [148 Cal.Rptr. 755].) Its factual context may not reasonably be compared with that of the case at bench where "after having served [their intended] purpose" the officer's rough notes were destroyed by him, as permitted by *Hitch, supra,* 12 Cal.3d 641, and *Killian, supra,* 368 U.S. 231.

The judgment is affirmed.

Newsom, J., and Levins, J.,* concurred.

A petition for a rehearing was denied March 19, 1982, and appellant's petition for a hearing by the Supreme Court was denied May 20, 1982.

---

*Assigned by the Chairperson of the Judicial Council.